# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

DERRICK ADAMSON,

    Plaintiff,

v.                        Case No. 2:19-cv-00575

SANDRA MAY, *PA*, PAMELA GIVENS, *HSA*,
DR. CHARLES LYE, *M.D.*, DONALD AMES, *Superintendent,*
and WEXFORD HEALTH SOURCES, INC.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 27), Defendant Donald Ames' Motion to Dismiss Amended Complaint (ECF No. 31), Defendants Pam Givens, Sandra May and Wexford Health Sources, Inc.'s Motion to Dismiss (ECF No. 33), and Defendant Dr. Charles Lye's Motion to Dismiss (ECF No. 41).

For the reasons stated herein, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 27) be **DENIED**, that Defendant Donald Ames' Motion to Dismiss (ECF No. 31) be **GRANTED**, and that the other Defendants' Motions to Dismiss (ECF Nos. 33-1, and 41-1) be **GRANTED IN PART** and **DENIED IN PART**. The court should leave this matter

referred to the undersigned for additional proceedings concerning Plaintiff's claim for permanent injunctive relief.

## I. BACKGROUND

Derrick Adamson "(Plaintiff") is an inmate serving a life without mercy sentence, who is presently incarcerated at the Mount Olive Correctional Complex ("MOCC"). This matter is proceeding on Plaintiff's Amended Complaint (ECF No. 23) against Wexford Health Sources, Inc. ("Wexford"), and several of its employees (collectively "the Wexford Defendants" or "Defendants"). Although Plaintiff's initial complaint also named Donald Ames ("Ames"), the Superintendent of MOCC, as a defendant, his Amended Complaint contains no factual allegations concerning Ames' conduct and appears to have abandoned his claim against Ames.

The Amended Complaint alleges that Plaintiff has repeatedly sought and been denied treatment with Direct-Acting Antiviral ("DAA") drugs for chronic Hepatitis C ("HCV") by the Wexford Defendants because he is "not sick enough" to necessitate such treatment. Plaintiff further alleges that, in lieu of receiving DAA drugs, his "constant abdominal pain" has been treated with ibuprofen and other pain relivers which "does more harm than good" and essentially amounts to no treatment at all. (*Id.* at 1-2).

Plaintiff further contends that Defendants, in accordance with Wexford policy, custom, or practice, consistently delay or deny treatment to persons suffering from HCV until they develop cirrhosis, liver failure, or liver cancer, and that such actions constitute deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution. (*Id.* at 5-6). He seeks a declaration that Defendants' conduct violates the Eighth Amendment, as well as monetary damages and injunctive relief in the form of DAA drug treatment. (*Id.* at 6-7).

On November 17, 2020, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 27), requesting a preliminary injunction requiring Defendants to treat him with DAA drugs. Plaintiff's motion sets forth the standard for granting preliminary injunctive relief discussed in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), and claims that Defendants have subjected him to serious risk of irreparable harm by denying him needed medical treatment for HCV. (*Id.* at 2-4). Defendants have responded to the motion (ECF Nos. 33, 34, 41, and 42), asserting that Plaintiff cannot meet the *Winter* standard. Defendants further filed motions to dismiss (ECF Nos. 31, 33, and 41) and memoranda of law in support thereof (ECF Nos. 32, 34, and 42) asserting that Plaintiff has failed to allege a plausible Eighth Amendment claim and that they are each entitled to qualified immunity. Thus, they contend that the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motions are fully briefed and ripe for adjudication.

## II. STANDARD OF REVIEW

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. Nonetheless, the complaint must "contain enough facts to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted); *see also Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Otherwise, it is subject to dismissal on screening by the court or a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, such as the one filed by the defendants herein.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans*

*v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id*. at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-

pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

### III. DISCUSSION

#### A. *Defendant Ames' Motion to Dismiss*.

In light of Plaintiff's apparent abandonment of his claim against Ames when he filed his Amended Complaint, the undersigned proposes that the presiding District Judge **GRANT** Ames' Motion to Dismiss (ECF No. 31) and dismiss Ames as a defendant herein.

#### B. *Wexford Defendants' Motions to Dismiss*.

The Wexford Defendants' motions to dismiss assert that Plaintiff's Amended Complaint (ECF No. 23) fails to sufficiently state a plausible claim for relief and that, in accordance with current authority within the Fourth Circuit, they are entitled to qualified immunity on his Eighth Amendment claims. Qualified immunity "shields government officials from liability for civil damages provided their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person." *Meyers v. Baltimore Cty.*, 713 F.3d 723, 731 (4th Cir. 2013). The following test is used to determine whether a defendant is entitled to qualified immunity: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show the defendant's conduct violated a constitutional or statutory right; and (2) was that right clearly established such that a reasonable person would have known that their conduct was unlawful. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991). In *Pearson v. Callahan,* the Supreme Court held that a court may exercise its sound discretion to decide which

prong of the inquiry to address first. 555 U.S. 223, 242 (2009); *see also Oliver v. Fiorino*, 586 F.3d 989, 905 (11th Cir. 2009).

A "clearly established right" is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) (internal quotation marks and alteration omitted); *see also West v. Murphy*, 771 F.3d 209, 213 (4th Cir. 2014). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011). A defendant is "entitled to a qualified immunity defense so long as 'the law did not put the [defendant] on notice that his conduct would be clearly unlawful.'" *See Malley v. Briggs*, 475 U.S. 335, 341 (1986). As recently noted by the presiding District Judge in another case:

> [Q]ualified immunity can be overcome only by clearly established law governing the specific facts at hand. *See Mullenix v. Luna*, 136 S. Ct. 305, 308-09, 193 L. Ed.2d 255 (2015). The Supreme Court has repeatedly stressed "that courts must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she face*d." D.C. v. Wesby*, 138 S. Ct. 577, 590, 199 L. Ed. 2d 453 (2018) (internal quotation marks and citation omitted). In *Wesby*, the Supreme Court reemphasized that "[a] rule is too general if the unlawfulness of the [defendant]'s conduct does not follow immediately from the conclusion that [the rule] was firmly established." *Id*. Here, Plaintiff frames the qualified immunity question in broad terms, asking whether it is clearly established that denying treatment for a serious medical condition violates the Eighth Amendment. . . . However, this formulation—which is essentially a highly conceptualized version of the deliberate indifference standard—is the type of "broad general proposition" that cannot overcome qualified immunity. *See Mullenix*, 136 S. Ct. at 308.

*Insco v. Wexford Health Sources, Inc.*, No. 2:19-cv-00612, 2020 WL 2770419, at *3 (S.D.W. Va. May 28, 2020).

6

Plaintiff claims that Defendants' deliberate indifference to his serious medical need has violated his rights under the Eighth Amendment's guarantee against cruel and unusual punishment. The vehicle for such a claim is section 1983 of Title 42 of the United States Code, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833.

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal

7

civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Id*. at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See* [*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)].

*Miltier*, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need is very high. It is well-settled that:

8

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). However, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need. *See Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are generally not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Because Wexford, a private corporation, is the contracted medical provider for the West Virginia Division of Corrections and Rehabilitation, a state agency, the deliberate indifference standard is applicable to the conduct of its individual employees, who may be considered to be acting under color of state law. Thus, in that context, those defendants may raise a qualified immunity defense. *West v. Atkins*, 487 U.S. 42 (1998); *Filarsky v. Delia*, 566 U.S. 377, 393-394 (2012) (private parties compelled by the government to undertake duties that would otherwise be performed by a public official are entitled to raise a qualified immunity defense).

9

Defendants assert that Plaintiff has not stated a plausible Eighth Amendment deliberate indifference claim because a right to treatment for HCV with DAA drugs is not clearly established. Defendants further assert that Plaintiff is being treated in the prison's Chronic Care Clinic and that he is regularly monitored for changes in his condition that would demonstrate the need for DAA drug treatment. Thus, they contend that he has alleged nothing more than a difference of opinion concerning medically necessary treatment. (ECF No. 34 at 6-8; ECF No. 42 at 6-9). Wexford further contends that Plaintiff has not established an official policy or custom upon which to hold it liable. (ECF No. 34 at 9-10).

Plaintiff, on the other hand, contends that, since 2013, the FDA has approved a class of DAA drugs that have been cited approvingly by the Infectious Disease Society of America ("IDSA") and the American Association for the Study of Liver Disease ("AASLD") as the best treatment for HCV, with an approximate 95% success rate. Plaintiff's Amended Complaint and his response to Defendants' motions further contend that the Federal Bureau of Prisons and various other agencies have adopted clinical practice guidelines or protocols for prescribing DAA drugs as the standard of care for treatment of all HCV-positive individuals and that these agencies "do not prescribe delay in treatment until the onset of [serious liver complications] for medical reasons[,]" which he claims is Wexford's custom or practice. (ECF No. 23 at 4-5; ECF No. 45 at 5-6).

Plaintiff's response to the motions to dismiss further asserts that Defendants have not identified the required criteria for DAA drug treatment and that Wexford's policy and practice to simply monitor the progression of the disease does not constitute a "disagreement with medical staff concerning the type of treatment desired" because they "have not provided one iota of treatment." (ECF No. 45 at 3). His response further asserts

that Defendant Sandra May has acknowledged that his liver enzymes have been at levels meeting the criteria for DAA drug treatment; however, Plaintiff's mental health issues were allegedly used to deny him such treatment. (*Id.* at 3).[1]

Plaintiff's response concedes that, presently, there is no clearly established right for DAA drug treatment within the Fourth Circuit. (*Id.* at 4-5). Nonetheless, he contends that qualified immunity should be denied to Defendants because the general law finding that deliberate indifference to serious medical needs violates the Eighth Amendment is well established and certain situations warrant liability even under novel factual circumstances. (*Id.* at 5). He further contends that denial of DAA drug treatment, the "one and only curative treatment which is clearly established in the medical community," is one such circumstance. (*Id.* at 6-8).

However, this court has repeatedly found that DAA drug protocol is not so clearly established as to support a claim for damages under the Eighth Amendment for the failure to provide such treatment. *See Insco v. Wexford Health Sources, Inc.*, No. 2:19-cv-00612, 2020 WL 2770419 (S.D.W. Va., May 28, 2020); *Redden v. Ballard*, No. 2:17-cv-01549, 2018 WL 4327288 (S.D.W. Va. July 17, 2018), *proposed findings and recommendation adopted*, 2018 WL 4323921 (S.D.W. Va. Sept. 10, 2018), *aff'd,* 748 F. App'x 545 (4th Cir. 2019); *Cunningham v. Sessions*, No. 9:16-cv-1292, 2017 WL 2377838 (D.S.C. May 31, 2017); *but see Pfaller v. Clarke*, No. 3:19-cv-728, 2021 WL 1776189, at *10 (E.D. Va. May 4, 2021) (qualified immunity denied on failure to treat HCV because right to adequate medical treatment and deliberate indifference standard are well-established) (citing *Scinto v. Stansberry*, 841 F.3d 219, 236 (4th Cir. 2016).

---

[1] Plaintiff has separately moved for leave to file his own affidavit supporting these allegations about Sandra May's statements. However, as this matter is before the court on motions to dismiss, the court presently declines to consider any information outside of the allegations in the Amended Complaint.

Although the *Cunningham* court recognized that "the rapidly evolving medical and legal issues generated by the FDA's approval of a new generation of highly effective and curative DAA drugs, the recent pronouncements of professional organizations of liver specialists stating that treatment of essentially all patients with chronic Hepatitis C with DAA drugs is now the standard of care, and the endorsement of these new recommendations by the CDC" could support a finding that denial of such treatment plausibly violates the Eighth Amendment, the court granted qualified immunity to the defendants therein on Cunningham's claims for damages due to the absence of any controlling precedent from the Supreme Court or the United States Court of Appeals for the Fourth Circuit. *Id.* at 4-5. The court stated:

> [T]here is no clearly established statutory or constitutional right *at this time* for inmates with chronic Hepatitis C to be treated with DAA drugs. Consequently, Defendants in this action are entitled to qualified immunity for any damages claims arising from the denial of DAA drugs to inmates.

*Id.* The state of the law in the appellate courts has not evolved since that time.

Nonetheless, the *Cunningham* court concluded that Cunningham's allegations were sufficient to survive a motion to dismiss his claims for declaratory and injunctive relief. *Id.* Judges of this United States District Court have made similar findings in *Redden* and *Insco*, and the undersigned believes the court should do the same here.

Thus, the undersigned proposes that the presiding District Judge **FIND** that Defendants are entitled to qualified immunity on Plaintiff's claims for monetary damages arising out of the failure to treat him with DAA drugs. However, the undersigned further proposes that the presiding District Judge **FIND** that Plaintiff's Amended Complaint states plausible claims for declaratory and permanent injunctive relief against the Wexford Defendants which warrant further development.

### C. *Motion for Preliminary Injunctive Relief.*

In his Amended Complaint, Plaintiff requests a judgment declaring that Defendants' conduct violated his Eighth Amendment rights and granting injunctive relief requiring, *inter alia*, that his HCV be treated with DAA drugs and requiring the defendants to "formulate and implement an HCV treatment policy that meets the prevailing standard of care." (ECF No. 23 at 6). Plaintiff also filed a separate Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 27), seeking preliminary injunctive relief to immediately provide him his requested treatment. The motion contends that "[t]he longer Defendants withhold curative treatment the greater the chance the treatment might not be effective at all and the damage caused by the disease will be irreversible." (*Id.* at 3). Thus, he claims that the refusal to provide him with DAA drugs now presents a substantial risk of serious harm of irreversible liver damage or death. (*Id.*)

Defendants contend that Plaintiff cannot meet the stringent requirements for preliminary injunctive relief. Consistent with their position that Plaintiff's condition does not presently meet the criteria for DAA drug treatment, Defendants further assert that Plaintiff's condition is continually being monitored and, should it worsen, he will be considered for treatment at that time. Thus, Defendants contend that Plaintiff cannot demonstrate a likelihood of success on the merits of his claim, or a threat of irreparable harm that is more than "theoretical," and, therefore, he is not entitled to preliminary injunctive relief. (ECF No. 34 at 12-13; ECF No. 42 at 11-12).

"[P]reliminary injunctions are not to be granted automatically." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Rather, the discretion of the court to issue such an injunction should be "sparingly exercised." *Id.* at 286. To obtain a preliminary

13

injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*").[2] As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (per curiam). * * * Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 375-76.

575 F.3d 345-46; *see also Dewhurst v. Century Aluminum Co.*, 649 F.2d 287, 290 (4th Cir. 2011).

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Id*. at 346-47. The *Real Truth* further distinguishes the *Winter*

---

[2] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. *See* 575 F.3d at 345-347.

standard from the old *Blackwelder* standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief. *Id.* at 347. Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in all federal courts. *Id.*

This demanding standard is even more exacting when a plaintiff seeks a preliminary injunction mandating action, as compared to the typical form of preliminary injunction that merely preserves the status quo pending trial. *See East Tenn. Nat. Gas v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief.").

Notwithstanding his serious allegations, Plaintiff's motion for preliminary injunctive relief is too speculative, as he has asserted only theoretical future injury. A mere possibility of harm will not suffice to support the granting of a preliminary injunction. *Winter*, 555 U.S. at 21. Although the court will subsequently consider the parties' positions concerning his right to injunctive relief, Plaintiff has not clearly shown that he is likely to succeed on the merits of his claims, or that he is likely to be irreparably harmed without preliminary injunctive relief. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has not demonstrated the need for

either a temporary restraining order or a preliminary injunction under the circumstances presented in his motion.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant Ames' Motion to Dismiss (ECF No. 31) in its entirety, and **GRANT** the Wexford Defendants' Motions to Dismiss (ECF Nos. 33 and 41) with respect to Plaintiff's claims for monetary damages against those defendants, but to otherwise **DENY** their motions. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 27).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

<u>May 6, 2021</u>

Dwane L. Tinsley
United States Magistrate Judge