```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**DERRICK ADAMSON,**

      **Plaintiff,**

**v.**                           **Civil Action No. 2:19-cv-0575**

**WEXFORD HEALTH SOURCES, INC.,**
**SANDRA MAY,** *PA*, **PAM GIVENS,** *HSA,*
**And DR. CHARLES LYE,** *M.D.*

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the court are the objections of Derrick Adamson, filed on March 1, 2023, ECF No. 90, to the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Dwane L. Tinsley. ECF No. 89.

This action was previously referred to the magistrate judge, who submitted a PF&R pursuant to 28 U.S.C. § 636(b)(1)(B). On February 15, 2023, the magistrate judge recommended granting summary judgment to the defendants as to the plaintiff's claim seeking a declaratory judgment that the defendants' policy and conduct violates the Eighth Amendment to the United States Constitution and the plaintiff's claim seeking permanent injunctive relief.

Upon an objection to the PF&R, the court reviews <u>de novo</u> "those portions or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005). General objections which fail to address <u>portions</u> or <u>specified</u> proposed findings or recommendations "do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review." <u>Elswick v. Plumley</u>, Civ. A. No. 2:14-CV-29300, 2022 WL 2919291, at *1 (S.D.W. Va. July 25, 2022) (citing <u>Howard's Yellow Cabs, Inc. v. United States</u>, 987 F. Supp. 469, 474 (W.D.N.C. 1997)); <u>see also</u> <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the true ground for the objection.").

The plaintiff expresses his general disagreement with the PF&R and fails to direct the court to anything specific within the PF&R to which he objects. The plaintiff's "objections" consist of a prefatory paragraph asking this court to reject the PF&R, followed by a verbatim recitation of the contents of the plaintiff's amended complaint. Petition in Resp., ECF No. 90. Accordingly, the court finds that <u>de novo</u> review is not warranted.

In the absence of an objection, the court may accept a magistrate judge's PF&R when there is no clear error on the face of the record.  <u>Diamond</u>, 416 F.3d at 315 (citing Fed. R. Civ. P. 72 advisory committee's note).  Having reviewed the PF&R and finding no error, the court orders as follows:

1. That the PF&R be, and hereby is, adopted in its entirety.

2. That the defendants' motion for summary judgment be, and hereby is, granted.

3. That this action be, and hereby is, dismissed and stricken from the docket.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: March 30, 2023

John T. Copenhaver, Jr.
Senior United States District Judge